# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

VIRGIL TRIBBLE,
      Petitioner,

      vs.

TIM BRUNSMAN, WARDEN,
      Respondent.

Civil Action No. 1:09-cv-508

Beckwith, J.
Wehrman, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, a state prisoner, brings this case pro se seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 5), respondent's motion to dismiss (Doc. 11), and petitioner's response in opposition to the motion to dismiss. (Doc. 12).

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

On October 21, 2005, petitioner was indicted on one count of murder and two counts of having weapons while under disability. All charges carried two firearm specifications. (Doc. 11, Exh. 1). Petitioner, through counsel, pled not guilty to the indictment.

On January 9, 2006, petitioner, through counsel, withdrew his not guilty plea and entered negotiated pleas of guilty to one count of voluntary manslaughter and two counts of having weapons under a disability, with each count carrying a single firearm specification. (Doc. 11, Exh. 2). Upon agreement of the parties, the trial court dismissed one of the firearm specifications as to all counts. The plea included an agreed sentence of eighteen years. *Id.* Consistent with the agreed sentence, the trial court sentenced petitioner to an aggregate term of fifteen years imprisonment with an additional three years for the firearm specifications, to be

served consecutively, for a total of eighteen years. (Doc. 11, Exh. 3).

### Delayed Direct Appeal

On July 25, 2006, petitioner, proceeding pro se, filed a motion for delayed appeal in the First District Court of Appeals, Hamilton County, Ohio. (Doc. 11, Exh. 4).  On August 30, 2006, the Ohio Court of Appeals denied petitioner's motion because he failed to provide sufficient reasons for his failure to perfect an appeal as of right and because there was an agreed sentence. (Doc. 11, Exh. 6).

### Delayed Appeal in Ohio Supreme Court

Petitioner filed a pro se motion for a delayed appeal in the Ohio Supreme Court on January 3, 2008. (Doc. 11, Exh. 7).  On February 20, 2008, the Ohio Supreme Court denied the motion for a delayed appeal. (Doc. 11, Exh. 8).

### Motion to Withdraw Guilty Plea/Modify Sentence

Meanwhile, on June 13, 2006, petitioner filed a pro se motion to withdraw guilty plea/motion to modify sentence per Ohio Criminal Rule 32.1. (Doc. 11, Exh. 9).  The trial judge denied the motion on June 15, 2006. (Doc. 11, Exh. 10).  Petitioner did not file an appeal.

### Petition to Vacate or Set Aside Conviction

On August 14, 2007, petitioner filed a pro se petition to vacate or set aside conviction pursuant to Ohio Rev. Code § 2953.21. (Doc. 11, Exh. 11).  The State filed a memorandum in opposition and motion to dismiss. (Doc. 11, Exh. 12).  On September 21, 2007, the trial court dismissed the petition to vacate or side aside conviction as untimely. (Doc. 11, Exhs. 13, 14).

**Post-conviction Delayed Appeal**

On April 1, 2008, petitioner filed a motion for leave to file a delayed appeal from the

denial of his post-conviction petition in the First District Court of Appeals. (Doc. 11, Exh. 15).

The Ohio Court of Appeals accepted the appeal and the matter was briefed by petitioner and the

State of Ohio. (Doc. 11, Exhs. 16, 17).  On November 26, 2008, the Ohio Court of Appeals

affirmed the denial of the petition for post-conviction relief. (Doc. 11, Exh. 18).

**Federal Habeas Corpus**

On August 17, 2009, petitioner filed a pro se petition for a writ of habeas corpus. (Doc.

5).  The petition sets forth three grounds for relief:

> **GROUND ONE:** I was denied effective assistance of trial counsel where my paid
> attorney (Ken Lawson) FAILED to appear at my plea and TRIAL setting.  I did
> not know how to proceed and the Court appointed lawyer said that I was facing
> life. (Peter Rosenwald) And following his instructions I signed the plea deal
> under derest (sic), violating due process.
>
> **GROUND TWO:**  Petitioner was illegally convicted of elements that were not
> alleged in the charging instrument or proven to a jury beyond a reasonable doubt.
> Petitioner was illegally convicted, during the sentencing hearing of elements that
> were not alleged in the charging instrument or proven to a jury by a standard of
> reasonable doubt, violating Petitioner's right to notice of the charges, the
> opportunity to defend against the additional charges, and the right to a
> determination of guilt by a jury of his peers by a standard of beyond a reasonable
> doubt.
>
> **GROUND THREE:**  Ineffective assistance of trial counsel.  Petitioner's trial
> counsel was ineffective for failing to represent his client during critical stages of
> the proceedings.  Petitioner's counsel was later tried and convicted for his failure
> to diligently represent his clients and for drug usage.

(Doc. 5).

## II.  THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Respondent contends that the petition is untimely and barred by the statute of limitations.

3

 For the reasons that follow, the Court agrees and concludes that the petition should be dismissed as time-barred.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, Grounds One through Three of the petition challenge the actions of trial counsel and the trial judge at sentencing.  Because petitioner was aware of the facts underlying his claims at the time of sentencing, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration of the time for

seeking such review."[1]

Under § 2244(d)(1)(A), petitioner's conviction became "final" on February 8, 2006, upon expiration of the 30-day period for filing an appeal to the Ohio Court of Appeals. *See* Ohio R. App. P. 4(A). The statute of limitations commenced running the following day and expired one year later on February 8, 2007, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000). *See also Artuz v. Bennett,* 531 U.S. 4, 8-9 (2000). A "properly filed" petition for post-conviction relief is one delivered and accepted in compliance with the applicable state court rules governing those filings. *Artuz*, 531 U.S. at 8. Thus, where a prisoner's post-conviction petition is dismissed by a state court as untimely-filed, the petition is not "properly filed" for purposes of tolling the limitations period under § 2244(d)(2). *See Pace v. DiGuglielmo,* 544 U.S. 408, 413, 417 (2005). *See also Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003); *Israfil v. Russell*, 276 F.3d 768, 771-72 (6th Cir. 2001), *cert. denied*, 535 U.S. 1088 (2002).

In this case, petitioner filed five motions between the date his conviction became final for the purposes of § 2244(d)(1)(A), February 8, 2006, and the date he filed his petition for a writ of habeas corpus, August 17, 2009. The first motion–to withdraw guilty plea/modify sentence–was

---

[1]Petitioner has not argued for an alternate commencement date for the statute of limitations under Section 2244(d)(1)(B), (C), or (D), nor does the Court perceive any justification for a later start date.

filed on June 13, 2006 and tolled the statute of limitations.  At this point, the statute of limitations had run for 125 days.  The statute was tolled until the June 15, 2006 decision of the trial court.

The statute resumed running on June 16, 2006 and was again tolled by the filing of petitioner's motion for a delayed direct appeal on July 25, 2006.[2]  At this point, the statute had run for an additional 40 days for a total of 165 days (125 days plus 40 days).  The statute of limitations was tolled until the Ohio Court of Appeals denied the motion for delayed appeal on August 30, 2006.   The statute of limitations resumed running on August 31, 2006.  Because there were 200 days remaining in the limitations period, the statute of limitations expired on March 19, 2007[3] in the absence of any further tolling.

When petitioner filed his petition to vacate or set aside conviction on August 14, 2007, the statute of limitations had already expired.  A timely filed state post-conviction matter cannot serve to toll a statute of limitations which has already expired before the motion was filed.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).  Section 2244(d)(2)'s tolling provision "does not . . . 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted).  Because the AEDPA's one-year period had already expired nearly five months before petitioner filed his petition to vacate or set aside conviction, there was no time left to toll and the

---

[2]Petitioner's motion for a delayed appeal is not part of the direct appeal for the purposes of 28 U.S.C. § 2244(d)(1), but rather is considered an application for collateral review or postconviction relief.  *See DiCenzi v. Rose,* 452 F.3d 465, 468 (6th Cir. 2006); *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001).

[3]Since the statute of limitations expired on Sunday, March 18, 2007, petitioner had until the following business day, Monday, March 19, 2007 to file his petition.  *See* Fed. R. Civ. P. 6.

AEDPA's tolling provision does apply.[4]

Likewise, petitioner's subsequent motion to file a delayed appeal from the trial court's denial of his petition to vacate did not toll the statute of limitations as the limitations period had already expired by the time of the filing of that delayed appeal motion. *Id.*

Finally, petitioner's February 20, 2008 motion for a delayed direct appeal in the Ohio Supreme Court was filed after the statute of limitations expired and therefore could not toll the running of the statute under § 2244(d)(2). The motion was denied by the Ohio Supreme Court and does not affect the finality of petitioner's conviction or the running of the statute of limitations in this case.[5]

As explained above, the statute of limitations expired on March 22, 2007. Petitioner's habeas corpus petition was filed on August 17, 2009, and was therefore filed over two years too late.

Although the statute of limitations may be equitably tolled in limited circumstances, *see Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88

---

[4]In any event, the petition to vacate or set aside conviction was denied as untimely and therefore was not "properly filed" for purposes of tolling the limitations period under § 2244(d)(2). *See Pace*, 544 U.S. at 417; *Vroman*, 346 F.3d at 603.

[5]The Supreme Court in *Jimenez v. Quarterman,* 129 S.Ct. 681(2009), held that "where a state court *grants* a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." *Id. at* 686 (emphasis added). The granting of a motion for delayed appeal in effect "restore[s] the pendency of the direct appeal" such that the "petitioner's conviction [is] again capable of modification through direct appeal to the state courts and to [the United States Supreme Court] on certiorari review." *Id.* (omitting internal quotations and citations).

In the instant case, however, the Ohio Supreme Court *denied* the motion for delayed appeal. A denial of an out-of-time direct appeal motion does not affect the date upon which a judgment becomes final for the purposes of § 2244(d)(1)(A). *See Foster v. Bobby*, No. 07-cv-1303, 2010 WL 1524484, at *4 (N.D. Ohio April 15, 2010) (and cases cited therein).

(6th Cir. 2009); *Allens v. Yukins*, 366 F.3d 396 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004),

petitioner is not entitled to equitable tolling in this matter.  Before equitable tolling is

appropriate, petitioner must demonstrate:  "(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way and prevented timely filing."

*Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (internal

quotation marks omitted)).

 Equitable tolling decisions are made on a case-by-case basis. *Sherwood*, 579 F.3d at 588;

*Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005).  In determining whether equitable tolling is

appropriate, the Court examines five non-exclusive factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's
> lack of constructive knowledge of the filing requirement; (3) the petitioner's
> diligence in pursuing his rights; (4) absence of prejudice to the respondent; and
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement
> for filing his claim.

*Sherwood*, 579 F.3d at 588; *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.), *cert.*

*denied*, 534 U.S. 1057 (2001).  These five factors are neither comprehensive nor relevant in all

cases. *Sherwood*, 579 F.3d at 588.  The absence of prejudice to respondent is not an independent

basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d

at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)).  The

absence of prejudice may only be considered when other factors of the test are met. *Id.  See also*

*Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003).  Petitioner bears the burden of showing he is

entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

 In examining the *Sherwood/Dunlap* factors set forth above, the Court determines that

petitioner is not entitled to equitable tolling of the statute of limitations in this case.  Petitioner

has made no attempt to apply the five *Sherwood*/*Dunlap* factors to this case.  Moreover, there is

no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights.  Therefore, equitable tolling is inappropriate in this case.

Accordingly, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Respondent's motion to dismiss (Doc. 11) be **GRANTED** and the petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2.  A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[6]

3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  August 16, 2010                          s/ J. Gregory Wehrman
                                                J. Gregory Wehrman
                                                United States Magistrate Judge

---

[6]  Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim.  *See Slack*, 529 U.S. at 484.

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

VIRGIL TRIBBLE,                                      Civil Action No. 1:09-cv-508
         Petitioner,

                                                     Beckwith, J.
         vs.                                         Wehrman, M.J.


TIM BRUNSMAN, WARDEN,
         Respondent.
                                   **NOTICE**

         Attached hereto is a Report and Recommendation in the above-entitled habeas corpus

action brought under 28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report

and Recommendation  **within 14 DAYS** of the filing date of this R&R.  Such party shall file

with the Clerk of Court and serve on all other parties written objections to the Report and

Recommendation, specifically identifying the portion(s) of the proposed findings,

recommendations, or report objected to, together with a memorandum of law setting forth the

basis for such objection(s)   Any response by an opposing party to the written objections shall be

filed **within 14  DAYS** after the opposing party has been served with the objections.  A party's

failure to make objections in accordance with the procedure outlined above may result in a

forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v.*

*Walters*, 638 F.2d 947 (6th Cir. 1981).

10